CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2005

JOHN F. CORCORAN, CLERK
BY:
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HASTON RICHARD MONROE, JR.,<br>    Plaintiff, | Civil Action No. 7:05-cv-00288 |
| v. | **MEMORANDUM OPINION** |
| SUSAN FLETCHER, et al.,<br>    Defendant(s). | By: Hon. James C. Turk<br>Senior United States District Judge |

    Plaintiff, Haston Richard Monroe, Jr., a Virginia inmate proceeding pro se, brings this action under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. In his complaint, Monroe alleges that prison officials denied him necessary medical treatment for diabetes while he was housed in the Central Virginia Regional Jail (CVRJ). Docket entry #13, submitted by the plaintiff, shall be construed and granted as a motion to amend the complaint. Upon review of the complaint as amended, however, the court finds that all claims against two of the defendants, Dan Gent and James Dudley, must be dismissed without prejudice, pursuant to 28 U.S.C. §1915A(b)(1), for failure to state claim upon which relief may be granted. By a separate order the court will direct service upon the remaining defendants in this action.

    To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or the laws of the United States and that this deprivation resulted from conduct committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42 (1988). As employees of the CVRJ, defendants Dan Gent (an EMT) and James Dudley (correctional officer) clearly acted under color of state law when they allegedly violated plaintiff's rights and are therefore subject to suit under §1983. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 924 (1982).

    Plaintiff alleges the following sequence of events from which his claims against Gent and Dudley arise. On April 23, 2005, plaintiff approached EMT Gent in an effort to procure his daily insulin shot. As plaintiff attempted to view the list of patients who were scheduled to see a

1

physician, EMT Gent told him, "Shut up, shut up before I hurt you." Officer Dudley, also present, instructed plaintiff to calm down. A "few seconds" after these comments, Gent successfully administered plaintiff's insulin shot. Plaintiff also alleges that Dudley later helped "cover up" Gent's "threatening" behavior by altering the facts in an incident report. Plaintiff also alleges that he was afraid to get his medication from Gent on later occasions.

The plaintiff asserts that Gent and Dudley violated his constitutional rights. Prison officials violate the Eighth Amendment by acting with deliberate indifference to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To be deliberately indifferent, a defendant must know of and *disregard* an objectively serious medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). As Gent and Dudley were aware of plaintiff's medical condition and administered his medication a "few seconds" after the incident, the court cannot find that either defendant was deliberately indifferent. As such, the plaintiff has failed to state any claim against defendants Dudley and Gent for denying him medical treatment.

Likewise, plaintiff has stated no constitutional claim regarding Gent's verbal "threat" to hurt him. The constitution "protect against all intrusions on one's peace of mind." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). A guard's verbal harassment or idle threats to an inmate, even if they cause an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest. Id.; Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989)(verbal threats causing fear for plaintiff's life not an infringement of a constitutional right). As plaintiff's allegations state no possible constitutional claims against Gent or Dudley, the court will dismiss the complaint as to these defendants, pursuant to §1915A(b)(1).

Plaintiff also named Major Susan Fletcher, Superintendent Floyd G. Aylor, and United States Marshal G. Wayne Pike as defendants, alleging that they acted with deliberate indifference to his serious medical needs by failing to ensure that he received his prescribed doses of insulin from July 19, 2004 to May 18, 2005. Plaintiff compiled a list of twenty five

2

days, from July 19, 2004 until December 11, 2004, in which he either received no insulin shots or only one of the two required shots. He also alleges that officials failed to provide him with his insulin shots on numerous other occasions during this period and during the period of December 16, 2004 to May 18, 2005, but the medical department at CVRJ has not provided him with complete copies of his medical records from these periods.

The plaintiff alleges that all remaining defendants knew that he had diabetes and that he was not receiving his prescribed insulin shots, but did not take reasonable action to alleviate the risk of serious harm this situation posed to plaintiff. In support of his allegations, plaintiff submits copies of numerous grievances that he filed while at the CVRJ, complaining that he was not receiving his medication. Additionally, he submits two letters from his attorney to G. Wayne Pike, United States Marshal, indicating that the plaintiff was not being adequately treated for his diabetes at CVRJ. The letters are dated August 5, 2004 and October 27, 2004. In the second letter, the attorney informed Marshal Pike that plaintiff had begun to display physical signs of poorly treated diabetes, such as loss of eyesight and numbness in his limbs.

The court concludes that plaintiff has alleged sufficient facts to state possible constitutional claims against Fletcher, Aylor and Pike[1] and thus cannot dismiss plaintiff's complaint as to these defendants, pursuant to 28 U.S.C. 1915A. In a separate order the court will direct the clerk to attempt service on defendants Fletcher, Aylor, and Pike.

ENTER: This 13th day of September, 2005.

_____
Senior United States District Judge

---

[1] Defendants Fletcher and Aylor, as jail officials, are subject to suit under § 1983 for monetary damages for alleged violations of an inmate's constitutional rights. Defendant Pike, as a federal official, is subject to suit for monetary damages for such violations under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

3