CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 1 2 2006

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HASTON RICHARD MONROE, JR., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>SUSAN FLETCHER, )<br>FLOYD G. AYLOR, )<br>AND G. WAYNE PIKE, )<br>    Defendants. ) | Civil Action No. 7:05-cv-00288<br><br>**MEMORANDUM OPINION**<br><br>By: Hon. James C. Turk<br>Senior United States District Judge |

    Plaintiff Haston Richard Monroe, Jr., an inmate proceeding pro se,[1] brings this action under the Civil Rights Act, 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343, and under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), with jurisdiction vested pursuant to 28 U.S.C. § 1331. Monroe alleges that he did not receive proper medical treatment for his diabetes while he was housed at the Central Virginia Regional Jail (hereinafter "CVRJ" or "the Jail") awaiting trial and sentencing on federal charges. Monroe sues Major Susan Fletcher and Superintendent Floyd G. Aylor of the CVRJ and United States Marshall G. Wayne Pike ("Marshal Pike"),[2] seeking monetary damages.[3] Defendants Fletcher and Aylor submitted a motion for summary Judgment, while defendant Pike submitted a motion to dismiss. Monroe responded to the motions, making this matter ripe for the court's

---

    [1] Monroe is currently serving a state criminal sentence, but is also facing a federal criminal sentence upon completion of the state sentence.

    [2] Defendant Pike, as a federal official, is subject to suit under Bivens for the alleged violations of Monroe's constitutional rights. Defendants Aylor and Fletcher as local government employees acting under color of state law are subject to suit under § 1983.

    [3] By previous order, the court dismissed Monroe's claims for injunctive relief as moot, based on his transfer to another jail facility. Magee v. Waters, 810 F.2d 451 (4th Cir. 1987).

consideration. Upon review of the record, the court concludes that defendants' motions must be denied.

## I. Statement of the Evidence

Monroe alleges that while housed at CVRJ between July 19, 2004 and May 18, 2005, under the custody of the United States Marshall Service (hereinafter "USMS"), he did not receive his prescribed two shots of insulin per day. The medical records appear to indicate that he missed more than 40 doses of insulin during this period, not counting doses that he expressly refused. In addition to medical records, Monroe submits copies of multiple letters that he and his attorney wrote to the Jail's superintendent and the USMS, regarding his problems getting his insulin doses regularly. Monroe also submits documentation indicating that during this period, he suffered problems with his eyesight and numbness in his arm, typical symptoms of poorly controlled diabetes.

Defendants Fletcher and Aylor admit that plaintiff missed some insulin shots while he was at CVRJ. They dispute the number of doses missed and assert that on the few occasions when he did not receive his shot, Monroe either refused to take the shot or did not show up at the appropriate time and place to take his shot.

In response to defendants' arguments, Monroe states that as a Special Housing Unit inmate, he had to be escorted to the medical unit to get his insulin shots, but on numerous occasions, he was not escorted. Procedure also required nurses to note expressly in a patient's chart when he refused medication.[4] Monroe acknowledges that on certain dates he did refuse

---

[4]Monroe points to the CVRJ Diabetic Medical Monitoring Procedures, submitted by the defendants pursuant to a discovery request, which indicate that any patient suffering from diabetes is to be escorted to and from the medical unit twice a day unless the patient refuses, at

2

treatment because he was afraid of a certain nurse[5] and on other dates because he was trying to control his blood sugar level with oral medication and exercise. Monroe points out, however, that these refusals were specifically noted as such on the medical records. He points to numerous instances where the Jail's record simply does not include any entry for him for one or both pill calls on a given day, without indicating that he refused the treatment. Monroe explains that on other occasions, his blood sugar was too low at pill call for him to take an insulin shot safely when he would not be eating for several hours. In such instances, medical personnel would mark a "0" on the chart and promise to have him brought back for his shot later, closer to meal time. Then, because no one came to escort him back to medical for the shot, he never received it.

## II. The Court's Opinion

### A. Defendant Pike's exhaustion defense fails.

Defendant Pike argues that Monroe's complaint against him should be dismissed because Monroe did not exhaust available administrative remedies with the USMS. Upon review of the record, the court cannot find that Pike has established the existence of any specific, available remedy that Monroe failed to exhaust.

Enacted as part of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e requires that

> [n]o action shall be brought with respect to prison conditions under
> section 1983 of this title, or any other federal law, by a prisoner

---

which point the refusal should be noted on his medical chart.

[5]By previous opinion and order, the court dismissed Monroe's claims that this nurse caused him to be denied medical treatment by allegedly threatening him on one occasion.

3

confined in any jail, prison, or other correctional facility until such
administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a) (2000). A plaintiff's failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be raised and proven by the defendant. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The Jail defendants have not argued that Monroe failed to exhaust the remedies available to him at the Jail itself. It is undisputed that Monroe filed numerous grievances to personnel at the Jail about his problems getting his insulin. Defendant Pike does not refer to any other formal administrative remedy procedure, specific to the USMS, that was available to Monroe while he was housed at the Jail. Indeed, the record indicates that letters from the inmate and his attorney, without any specific grievance form in addition, resulted in USMS personnel investigating Monroe's problems at the jail and asking that changes be made. Therefore, the court cannot find that Pike has met his burden of proof as to his exhaustion defense.[6] The motion to dismiss will be denied on this ground.

### B. Monroe states a claim against Marshal Pike.

Marshal Pike also moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. This court has already held that Monroe's allegations state a possible Eighth Amendment claim against this defendant that is actionable under Bivens. See Mem. Op., 9-13-05, at 2-3. Specifically, Monroe alleges that Marshal Pike knew through letters from Monroe's attorney that Monroe had diabetes, needed insulin, was complaining about not

---

[6] Monroe has not raised negligence claims under the Federal Tort Claims Act. In any event, because the Jail acted as an independent contractor with the USMS in housing Monroe, such claims would be barred under the independent contractor exception to the Act. See 28 U.S.C. § 2671; Acosta v. U. S. Marshals Service, 445 F.3d 509, 514 (1st Cir. 2006).

4

receiving insulin regularly at CVRJ, and was experiencing symptoms related to uncontrolled diabetes, but the marshal did not move Monroe to another facility until May 2005. The court found that these allegations state a possible claim under Estelle v. Gamble, 429 U.S. 97 (1976). Thus, the court must deny the motion to dismiss under Rule 12(b)(6).

In support of the motion to dismiss, Marshal Pike submits letters from Monroe's counsel to Pike, from Pike to the Jail, and from Aylor to Pike. He argues that this evidence demonstrates his reasonable response to the known risks of harm posed by Monroe's continued problems getting his insulin. The court could rely on this evidence outside the record and treat the motion to dismiss as a motion for summary judgment, applying the standard provided in Fed. R. Civ. Pro. 56 for summary judgment. See Rule 12(b). A motion for summary judgment under Rule 56 must be supported, however, with affidavits, depositions, or answers to interrogatories. Rule 56(e). At present, the record does not include any documentation or affidavit describing what actions Marshal Pike or his staff took in response to letters he received from Monroe's attorney, dated October 27, 2004, and May 15, 2005, about Monroe's medical concerns. The description of such actions by counsel in the memorandum in support of the motion to dismiss is not sufficient to support a motion for summary judgment. Id. Accordingly, the court will deny the motion to dismiss and grant this defendant an opportunity to file a separate motion for summary judgment, supported by appropriate documentation or affidavit evidence.

**C. Aylor and Fletcher are not entitled to summary judgment.**

Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56. Upon motion for summary judgment, the court must view the facts, and the inferences to be drawn from those facts, in the

5

light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Rule 56(c) mandates entry of summary judgment against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322 (1986). The moving party is not entitled to summary judgment if the plaintiff presents a genuine issue of material fact in dispute such that a reasonable jury could return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). Summary judgment appropriately lies for the movant only if there can be but one reasonable conclusion drawn from the evidence, against the non-moving party. Anderson, 477 U.S. at 247-48.

To prove that his course of medical treatment in prison amounted to a violation of the Eighth Amendment, plaintiff must show that personnel to whose care he was committed exhibited "deliberate indifference" to his "serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104-105 (1976). Such a claim usually involves a condition that threatens loss of life or a threat of permanent disability. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1974). To show that a defendant acted with deliberate indifference toward his serious medical need, plaintiff must allege establish that defendants knew of the serious risk of harm posed by that need and failed to respond reasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 844 (1994). The Fourth Circuit Court of Appeals has held that to bring a medical treatment claim against non-medical officials, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with prison doctors' treatment, or tacitly authorized or were indifferent to the prison medical staff's misconduct. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990).

6

On the current record, the court finds that the motion for summary judgment filed by Defendants Aylor and Fletcher must be denied. These defendants rest their defense on an argument that Monroe himself was responsible for missing so many doses of insulin by not showing up to receive them or by refusing to take his shots. The record, however, leaves this issue in dispute, as reflected in the court's statement of the evidence. A reasonable jury could find from the evidence that Monroe had to be transported to the medical unit to get his shots, that he often was not taken to get his shot, and that both defendants knew of this problem through his grievances, letters from counsel and inquiries from the USMS, but failed to respond to the risk in a reasonable manner. As the court thus finds genuine issues of material fact in dispute under the standards set forth in Estelle and Miltier, the court will deny the motion. An appropriate order shall be issued this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants.

ENTER: This /2th day of June, 2006.

/s/ James C. Turk
Senior United States District Judge

7