CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

HASTON RICHARD MONROE, JR., )
    Plaintiff, )
)    Civil Action No. 7:05-cv-288
v. )
)    **MEMORANDUM OPINION**
SUSAN FLETCHER, )
FLOYD G. AYLOR, )
and G. WAYNE PIKE, )
    Defendants. )    By: Hon. James C. Turk
)    Senior United States District Judge

The above captioned matter concerns constitutional tort claims brought by the Plaintiff, a prisoner proceeding pro se, against F. Glenn Aylor and Susan Fletcher, prison officials in the Commonwealth of Virginia, and G. Wayne Pike, United States Marshal. Defendant Pike has filed a Motion for Summary Judgment and Defendants Aylor and Fletcher have filed their second Motion for Summary Judgment. The Plaintiff has responded to both motions, making this matter ripe for decision.

Having considered the Defendants' motions, together with the submissions and arguments of both parties, the court concludes that the Plaintiff's claims against Defendants Fletcher and Aylor must be dismissed without prejudice and that Defendant Pike's Motion for Summary Judgment must be granted.

## I.

The Plaintiff was housed at the Central Virginia Regional Jail ("CVRJ")[1] from July 19,

---

[1] The plaintiff was housed at the jail pursuant to an intergovernmental service agreement between the jail and the United States Marshals Service ("USMS").

2004 to May 18, 2005 while awaiting trial and sentencing on federal charges. He suffers from diabetes mellitus,[2] a condition for which he has been prescribed doses of insulin, to be administered twice daily. The Plaintiff alleges that on seventy-one occasions he did not receive his prescribed insulin dose. He filed this action against F. Glenn Aylor and Susan Fletcher, superintendent and assistant superintendent, respectively, of the CVRJ, and G. Wayne Pike, United States Marshal for the Western District of Virginia, claiming that he has been deprived of rights secured by the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

## II.

Defendants Aylor and Fletcher have moved for summary judgment arguing that the Plaintiff failed to exhaust his administrative remedies and that his complaint fails to state a claim that the Defendants violated the Plaintiff's constitutional rights.

The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, § 101, 110 Stat. 1321-66 (codified as amended at 42 U.S.C. § 1997e et seq.), requires, among other things, exhaustion of available administrative remedies as a precondition to filing a suit with respect to prison conditions. 42 U.S.C. § 1997e; Jones v. Bock, 127 S. Ct. 910, 918–19 (2007). Nonexhaustion is an affirmative defense that the Defendants must raise and prove. Id. at 921; Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 681 (4th Cir. 2005).

The Defendants claim that the Plaintiff did not exhaust his administrative remedies because he declined to pursue the one grievance proceeding that he initiated through the

---

[2] Dorland's Medical Dictionary defines diabetes mellitus as "a chronic syndrome of impaired carbohydrate, protein, and fat metabolism owing to insufficient secretion of insulin or to target tissue insulin resistance." Dorland's Illustrated Medical Dictionary 506 (30th ed. 2003).

-2-

administrative appeal process available to him. The Plaintiff initiated only one grievance proceeding during his stay at the CVRJ. He did so by completing a grievance form dated August 2–3, 2004. (Compl. Attach. 9.) On the form the Plaintiff indicated that he was only receiving one of the two daily doses of insulin that his prescription called for. The copy of this form that the Plaintiff filed with the court contains a handwritten response from Defendant Fletcher, dated August 4, 2004, indicating that the Plaintiff had been transferred to the medical unit to assure that his blood sugar levels were monitored and his medications received. The form also includes the Plaintiff's signed handwritten response to Defendant Fletcher's statement, in which the Plaintiff indicated that he was satisfied with Defendant Fletcher's response, and that he did not wish to appeal this decision. (Compl. Attach. 9.)

The Plaintiff now claims that his expression of satisfaction with Defendant Fletcher's response was false. He claims that his transfer to the medical unit was in reality unsatisfactory because he "was assigned to a medical segregation cell which was filthy, isolated, and intended as a form of punishment" for his initiation of the grievance process. (Pl.'s Resp. Opp. Mot. Summ. J. 3.). Although he does not dispute the availability of administrative process or that he declined to pursue an available appeal, he argues that "if an inmate is subjected to retaliation and other harassment for exercising his right of access to the courts under the grievance procedure, then he may state good cause for not exhausting the full grievance process." (Pl.'s Resp. Opp. Mot. Summ. J. 3.). Characterizing his placement in the medical unit as "retailation and other harassment," the Plaintiff claims that he did not pursue his original grievance or file new grievances for fear of having to return to the infirmary. Assuming without deciding that there are circumstances which can excuse the otherwise mandatory exhaustion required by § 1997e, the

facts identified by the Plaintiff do not rise to that level. The Plaintiff's assignment to a medical segregation cell was a form of the relief that he requested through the grievance process. If the Plaintiff found that form of relief inadequate he could have indicated on his grievance form that he was not satisfied with the response, he could have appealed the decision, or he could have filed an additional grievance concerning the conditions of the medical segregation unit to which he was assigned. He did none of these things. Nothing in the record supports a conclusion that the conduct of prison officials rendered the Plaintiff unable to pursue administrative remedies[3] or that the Plaintiff otherwise had cause for nonexhaustion.

The court finds that the Plaintiff failed to exhaust his administrative remedies. Although not a jurisdictional requirement, 42 U.S.C. § 1997e(a) requires exhaustion as a prerequisite to suit. Anderson, 407 F.3d at 677. The court, therefore, must dismiss the Plaintiff's unexhausted claims without prejudice, see Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004), without reaching the question whether Defendants Fletcher and Aylor are entitled to judgment as a matter of law. Accordingly, to the extent that it requests dismissal, the court will treat these Defendants' Motion for Summary Judgment as a motion to dismiss pursuant to 42 U.S.C. § 1997e(a), and will dismiss the Plaintiff's claims against them without prejudice. The court will deny as moot their request for summary judgment.

### III.

Defendant G. Wayne Pike has also moved for summary judgment, which is appropriate Under Rule 56 of the Federal Rules of Civil Procedure where the "pleadings, depositions,

---

[3] The Plaintiff filed more than 50 inmate request forms during his stay at the prison, suggesting that he had no shortage of access to the grievance process.

-4-

Case 7:05-cv-00288-JCT-mfu   Document 79   Filed 03/16/07   Page 4 of 8   Pageid#: 587

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law identifies which facts are material. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this claim against Defendant Pike, a Bivens action,[4] the substantive law is the United States Constitution, which has been held to prohibit "a prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate . . . ." Farmer v. Brennan, 511 U.S. 825, 828 (1994).[5] "Deliberate indifference is a very high standard—a showing of mere negligence will not meet it." Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001). Rather, it "requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Id. at 576.

Defendant Pike is first alleged to have received notice of the Plaintiff's medical needs from a letter received from the Plaintiff's attorney on August 5, 2004, indicating that the Plaintiff had not been receiving his medication. The Defendant instructed deputy marshals to investigate the allegation. Affidavits by Marshal Pike and Chief Deputy Marshal Wiggs and correspondence

---

[4] Bivens actions are named after Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), a case in which the Supreme Court recognized a private right of action against federal officials for constitutional violations.

[5] The "deliberate indifference" standard is often applied to enforce the Eighth Amendment's prohibition of cruel and unusual punishments. See, e.g., Farmer, 511 U.S. at 828. Because the Plaintiff was a pretrial detainee and not a convicted prisoner at the time he was allegedly denied his rights, his claim is governed by the Due Process Clause of the Fifth Amendment. See Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). As both parties recognize, the standard is the same whether the Eighth Amendment or Due Process Clause is the source of the right. See Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999); Patricia E. Simone, Note, A Presumptive Constitutional Time Limit for Administrative Overdetention of Inmates Entitled to Release, 81 Notre Dame L. Rev. 719, 722–23 (2006).

-5-

Case 7:05-cv-00288-JCT-mfu   Document 79   Filed 03/16/07   Page 5 of 8   Pageid#: 588

between the Marshals Service and the CVRJ indicate that the Marshals Service conducted a prompt investigation and received information assuring them that the Plaintiff's medical needs were being addressed. (Wiggs Aff.; Pike Br. Supp. Mot. Summ. J. Attach. # 3, 4.) The Plaintiff's lawyer apparently found this response to be satisfactory. By letter to Deputy Marshal J. Douglas Wiggs dated August 17, 2004, less than two weeks after his initial correspondence, the Plaintiff's attorney indicated that he appreciated the prompt response to the complaint, and was impressed by the office's professionalism. (Pike Br. Supp. Mot. Summ. J. Attach. # 6.)

The Plaintiff's attorney sent Defendant Pike another letter on October 27, 2004, indicating that the Plaintiff was not receiving medication. Deputy Marshal Wiggs indicates that he contacted CVRJ officials, who informed him that the CVRJ administered and made medication available, but the Plaintiff had been refusing treatment. Deputy Wiggs indicates that he requested that the CVRJ assure the Plaintiff's receipt of needed insulin. (Wiggs Aff. ¶ 13.)

Defendant Pike received a third letter from the Plaintiff's lawyer dated May 9, 2005, again reporting concerns about inadequate medical care expressed by the Plaintiff. The Marshals Service responded by arranging for the Plaintiff's transfer to the Albemarle County Jail, which occurred on May 19, 2005. (Wiggs Aff. ¶ 15.)

In his brief and with the correspondence and affidavits supporting the above-described events, the Defendant has discharged his obligation to inform the district court of the basis for its motion and identify the portions of the record that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The Plaintiff thus has the burden "to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a

Case 7:05-cv-00288-JCT-mfu   Document 79   Filed 03/16/07   Page 6 of 8   Pageid#: 589

genuine issue for trial.'" Id. at 324 (quoting Fed. R. Civ. P. 56(c)).

To discharge this burden, the Plaintiff points to the three complaint letters that his attorney sent to Defendant Pike. While these letters may support an inference that Defendant Pike knew that the Plaintiff had a serious need for medical care, the Plaintiff must also establish that the Defendant ignored this need. Even if the evidence, taken in the light most favorable to the Plaintiff, could establish that the Plaintiff consistently received inadequate medical care while housed at the CVRJ, the Plaintiff has pointed to no evidence from which a reasonable trier of fact could conclude that Defendant Pike personally ignored his medical needs. The Plaintiff has no personal knowledge of Defendant Pike's response to his attorney's letters, and his conclusory allegations are insufficient under Rule 56. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). As the Plaintiff has identified no evidence sufficient to create a genuine issue of fact with respect to this element of his claim, Defendant Pike is entitled to judgment as a matter of law. See Celotex v. Catrett, 477 U.S. 317, 322 (1986) ("The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (quoting Fed. R. Civ. P. 56(c))). His motion will therefore be granted.[6]

## IV.

For the foregoing reasons the court will dismiss the Plaintiff's claims against Defendants Fletcher and Aylor without prejudice and grant Defendant Pike's motion for summary judgment.

---

[6] Because the court finds that Defendant Pike is entitled to judgment as a matter of law, the court does not address his qualified immunity defense.

The Clerk of Court is directed to send certified copies of this Memorandum Opinion to all counsel of record and to the Plaintiff.

**ENTER**: This 16th day of March, 2007.

/s/ James C. Turk
SENIOR UNITED STATES DISTRICT JUDGE